FRUGÉ, Judge.
This suit was brought to enforce an agreement made between plaintiff and the defendant for the sale of certain race horses.
On August 21, 1959, at Orange, Texas, plaintiff and defendant entered into an agreement whereby plaintiff did "sell, transfer, assign and deliver” to the defendant six particular horses. The total consideration was stated as $9,200 which, according to the agreement, was to be paid in the following manner:
“THE TOTAL CONSIDERATION for all of the above named Race Horses is NINE THOUSAND TWO HUNDRED ($9,200.00) DOLLARS which is payable in the manner as set out, expressly stipulated and fully agreed on as follows:
*83 "IN THE EVENT either of the above named Race Horses is Sold outright or is Claimed in a Race known and termed as a Claiming Race, the entire Sale Price or the Claiming Price, whichever applies, is to be surrendered to and delivered to the Seller, F. J. DeMary, at his office in the City of Orange, Orange County, Texas, and the amount so paid or surrendered to F. J. DeMary shall be applied by him on the full Purchase Price of NINE THOUSAND TWO HUNDRED ($9,200.00) DOLLARS. ON ALL EARNINGS at various Race Tracks where these Race Horses might be raced, the Seller, F. J. DeMary, is to receive and is to be paid an amount equivalent to Forty (40%) Per Cent of the Net Purse, meaning the Track Winning Purse, whether the Purse be for Winning, Placing, Showing or Placing Fourth, or such percentage fully applies to the winnings as commonly termed ‘Across the Board’ and it is understood that such payments are to be continued until the Seller, F. J. DeMary, has been paid the full Selling Price of NINE THOUSAND TWO HUNDRED ($9,200.00) DOLLARS.”
Plaintiff brought suit in St. Landry Parish praying for a judgment for the amount of the purchase price and that his vendor’s privilege be recognized and maintained against the property. The defendant filed an untitled exception which was maintained by the district judge. From this ruling plaintiff appeals.
Defendant’s exception was based on three grounds — suspensive condition, public policy, and potestative condition.
Defendant contends that since the total consideration is not to be paid until the horses are either “claimed” or have won a race or races, such operates as a suspen-sive condition to the completion of the contract until the horses are raced. Plaintiff argues that this is merely a method of paying the purchase price.
In considering the exception we must accept the pleaded facts of the plaintiff. In his pleading plaintiff alleges that defendant is indebted to the plaintiff, that the plaintiff received no payment whatsoever despite amicable demand for payment, and that defendant has actively breached the contract. Whether these alleged facts are true or not is a matter for the trial court to decide when trying the case on the merits. Regardless of whether the agreement contains a suspensive condition or is merely a method of payment, the facts pleaded by plaintiff show that there was an agreement and are sufficiently set forth to entitle plaintiff to a trial on the merits.
Plaintiff contends that the agreement is contrary to public policy because the contract was entered into in the State of Texas where horse racing is unlawful. “ ‘In Louisiana, the rule has been generally state to be that the law of the place where the contract is to have effect determines the rights and obligations of the parties.’ ” Universal C. I. T. Credit Corp. v. Hulett, La. App., 151 So.2d 705, and cases cited therein; LSA-Civil Code art. 10. In the present case there was a clear intention that the agreement was to have effect in the State of Louisiana where horse racing is legal. Therefore, a Louisiana court cannot refuse to enforce the agreement on the grounds that the law of Texas forbids horse racing.
Defendant also contends that the agreement contains a potestative condition because the performance of the agreement is conditioned solely upon the horses being raced.
“Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself.” LSA-Civil Code art. 2034. “The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor’s will; but if the condition be, that the obligor shall do or not do a certain act, although the doing *84 •or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void.” LSA-Civil Code art. 2035. In Long v. Foster & Associates, Inc., 242 La. 295, 136 So.2d 48, 53, the Supreme Court stated that “Article 2034, because of the limitations placed on it by Article 2035, is applicable only to the purely potestative condition, that is, one which is subject only to the whim or pleasure of the promisor and would involve no detriment, disadvantage or inconvenience to him if he brings about or hinders the happening of the event on which the obligation depends.” (Emphasis added.) Thus, we must determine in the present case whether the condition imposed for the payment of the price was purely potestative, depending merely on the whim or pleasure of the promisor. Actually, the issue is whether or not the legal freedom of the plaintiff was limited in any way. Here, if defendant sold the horses or if they were claimed, he had to pay the plaintiff. If defendant raced the horses a portion of the earnings would have to be paid to the plaintiff. Certainly this was a limit on defendant’s legal freedom to use the property. There was therefore no purely potestative condition involved in the agreement.
For the foregoing reasons the maintaining of the exception by the district court is reversed and the case is remanded for proceedings not inconsistent with this opinion.
Reversed and remanded.